(March 13, 1940.)

In the Matter of the Application of SIGMAR K. REINHOLT HILFER, Petitioner, against THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.

Crapser, Heffernan and Schenck, JJ., concur; Bliss, J., dissents, in an opinion, in which Hill, P. J., concurs.

BLISS, J. (dissenting). Petitioner was charged with fraud and deceit in the practice of medicine. After many intermediate steps the charges came on for hearing before the Medical Grievance Committee. All ten members were present and a resolution finding petitioner guilty was voted upon. Nine committee members were recorded as voting in favor thereof and the tenth member as not voting. The secretary thereupon certified that it had been " unanimously " determined that petitioner was guilty of the charges. Petitioner's punishment was considered at a later meeting of the committee. Six members voted for a recommendation to revoke his license and four, including the one who did not vote on the charges themselves, for a two-year suspension. Thereafter, the Board of Regents modified the committee's recommendation for revocation and imposed a suspension from practice for two years.

Petitioner now argues that the determination of guilt made by the Committee on Grievances was illegal because it did not meet the requirements of section 1265, subdivision 4, of the Education Law. This statute, so far as here relevant, states that the vote of each member of the Grievance Committee shall be recorded as a part of its findings and if " by unanimous vote " the practitioner is found guilty, the committee shall transmit to the Education Department the record and its recommendation.

The vote of nine members of the committee finding petitioner guilty, with the tenth member of the committee present but not voting, is not the unanimous vote of the committee. The statute obviously and quite properly sets up rather strict requirements before a duly licensed doctor of medicine can be deprived of his right to practice. He must be found guilty to the satisfaction of *all* ten members of the Grievance Committee, not nine or any lesser number. This is a protection accorded him by statute, of which he is not to be deprived, and one which should be construed strictly in his favor.

The order and determination should be annulled, with fifty dollars costs and disbursements, and matter remitted to the Board of Regents.

Hill, P. J., concurs with Bliss, J.